UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | CR. NO. 22-cr-0020 (TSC) |
| | : | |
| **TIM LEVON BOUGHNER,** | : | |
| | : | |
| **Defendant.** | : | |

**JOINT STATUS UPDATE**

Defendant Tim Levon Boughner, through undersigned counsel, and the government, respectfully file this status report. In support of this statement the parties jointly state the following:

1. On February 13, 2024, the Court found the defendant incompetent and ordered him committed to the custody of the Attorney General for hospitalization for treatment in a suitable medical facility for the purposes of competency restoration under 18 U.S.C. § 4241(d).

2. The evaluating psychologist at FMC Fort Worth, Lisa Bellah, Ph.D, expressed her opinion that the defendant was best suited for placement for restoration under 18 U.S.C. § 4241(d) at either Federal Medical Center (FMC) Butner or Medical Center for Federal Prisoners (MCFP) Springfield. This placement recommendation was based, in part, on Dr. Bellah's prognosis that the defendant's delusional thoughts may be attenuated sufficiently to restore him to competency through the administration of psychotropic medication

including, if appropriate, under a court order given the defendant's expressed unwillingness to voluntarily take medication.

3. The parties are aware of bed space issues for 18 U.S.C. § 4241(d) restoration procedures throughout the country and the defendant does not now raise any objection to the transportation of the defendant but reserves the right to separately object to any such placements at a later date.

In support of this statement the government states the following:

1. On February 13, 2024, the Court found the defendant incompetent and issued an oral order that he be committed to the custody of the Attorney General for hospitalization for treatment in a suitable medical facility for the purposes of competency restoration under 18 U.S.C. § 4241(d). The determination of the appropriate facility is made by the Attorney General. *See United States v. Quintero,* 995 F.3d 1044. 1050 (9th Cir. 2021) (holding "that § 4241(d) mandates that district courts commit mentally incompetent defendants to the custody of the Attorney General for treatment, without discretion for the court to order a particular treatment setting"), *United States v. Dalasta*. 856 F.3d 549. 554 (8th Cir. 2017).

2. The government agrees with Dr. Bellah that both Federal Medical Center (FMC) Butner and Medical Center for Federal Prisoners (MCFP) Springfield are "suitable facilities" in which to hospitalize the defendant based on the particular rehabilitative needs of that individual. *See* 18 U.S.C. §§ 4241(d), 4247. This preliminary identification is based upon consultation with the Chief of the Psychological Evaluations Section for the BOP. The government notes

  that the 4241(d) commitment process takes some time and is a two step-process that might require pre-hospitalization commitment to allow the Attorney General time to identify a suitable facility. *See United States v. Donnelly*, 41 F. 4th 1102, 1105 (9th Cir. 2022).

3. The government understands that there has been historically some delay in the transportation of defendants pursuant to 18 U.S.C. § 4241(d) restoration orders exacerbated by the Pandemic, increased mental health claims, and the limited BOP facilities that have hospitals capable of undertaking 18 U.S.C. § 4241(d) restoration procedures. The government has been in contact with the Chief of the Psychological Evaluations Section for the BOP to facilitate the timely transportation of the defendant to the facility to which he is designated, and the completion of the competency restoration process within the time period outlined in § 4241(d).

4. Given the defendant's lack of prior mental health treatment or commitments, counsel for the government agrees to provide the BOP evaluator with any information concerning the defendant's mental health history and conduct that they feel may illuminate issues related to his competency to stand trial.

5. The government understands that the Court found the defendant incompetent to stand trial pursuant to 18 U.S.C. § 4241(b) and has committed the defendant to the custody of the Attorney General for restoration procedures pursuant to 18 U.S.C. § 4241(d). While the government did not express any contemporaneous objection at the hearing at which the Court accepted Dr. Bellah's recommendation concerning the defendant's incompetency, it respectfully does

not waive future arguments that claimed "persecutory type delusions" or conspiratorial beliefs do not necessarily render a defendant incompetent to stand trial. *See United States v. Ghane*, 593 F. 3d 775 (8th Cir. 2010), *United States v. Caicedo*, 937 F. 2d 1227 (7th Cir. 1991), *United States v. Porter*, 907 F. 3d 374 (5th Cir. 2018), *United States v. Lambros*, 65 F. 3d 698 (8th Cir. 1995), *United States v. Battle*, 2007 U.S. Dist. LEXIS 102766 (D.D.C., Sept. 20, 2007). The government notes that the defendant expressed sufficient understanding regarding the nature of his current charges, appeared to have a good understanding regarding the potential consequences of his charges, and he evinced adequate understanding of most basic legal issues in the statements he made about his charges. Specifically, he appropriately discussed the roles of defense counsel, prosecuting counsel, and a Judge. He appeared to understand the concept of a jury trial and the plea agreement process.

In support of this statement the defendant states the following:

1. With respect to the government's assertions in Paragraph 5 above, the defense does not necessarily agree that the government's decision not to offer a contemporaneous objection is not a waiver.

The parties agree that the time between now and the next scheduled hearing or status report date should be excluded from calculation under the Speedy Trial Act, 18 U.S.C. § 3161(h)(4).

                        Respectfully submitted,

                        MATTHEW M. GRAVES
                        United States Attorney
                        D.C. Bar No. 481052

By:    */s/ Joseph S. Smith, Jr.*
          JOSEPH S. SMITH, JR.
          Assistant United States Attorney
          CA Bar No. 200108
          601 D Street, N.W.
          Washington, D.C. 20001
          (619)546-8299
          Joseph.s.smith@usdoj.gov

By:    */s/ Barry Coburn*
          BARRY COBURN
          COBURN & GREENBAUM, PLLC
          1710 Rhode Island Avenue, NW 2nd Floor
          Washington, DC 20036
          (202) 643-9472
          barry@coburngreenbaum.com
          Counsel for Tim Boughner